# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cr3239 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JOSE JESUS PONCE, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss indictment due to invalid deportation filed by the Defendant Jose Jesus Ponce. (Doc. # 8).

**FACTUAL BACKGROUND**

Defendant came to the United States from Mexico as a child. On April 27, 1989, at the age of ten, Defendant became a Legal Permanent Resident of the United States. Defendant has no close family in Mexico and all of his close relatives live in the United States. Defendant attended school in the United States but did not graduate from high school or complete a GED.

At the age of fourteen, Defendant entered into a relationship with a sixteen year old girl who was a United States citizen. The couple had two children born on April 19, 1994 and May 5, 1997. Defendant suffered his first criminal conviction in 1998 for possession of a dangerous weapon. On March 21, 2001, Defendant was convicted of possession of methamphetamine in violation of Cal Health and Safety Code Section 11377(a) and sentenced to 90 days in jail.

1  In October, 2001, while on probation, Defendant was convicted of vehicle theft in violation
2  of Cal Vehicle Code Section 10851(a) and sentenced to 16 months in prison.

3  On July 17, 2002, Defendant appeared before an Immigration Judge. The Immigration
4  Judge found that Defendant was subject to removal. The Immigration Judge informed the
5  Defendant that he was not eligible for cancellation of removal because of aggravated felony
6  convictions for possession of methamphetamine and vehicle theft. Defendant reserved his
7  right to appeal.

8  On July 24, 2002, Defendant elected to withdraw his appeal and was removed to
9  Mexico.

10  In 2004, Defendant married a United States citizen. The couple had two children born
11  in the United States on November 26, 2004 and June 7, 2006.

12  On October 7, 2005, Defendant was convicted of possession of methamphetamine in
13  violation of California Health and Safety Code Section 11377(a) and sentenced to three years
14  probation. His probation was later revoked and he was sentenced to two years in prison.

15  On May 19, 2006, an Immigration Judge ordered Defendant removed to Mexico in a
16  stipulated removal proceedings after the Defendant waived his right to an immigration
17  hearing.

18  On May 26, 2006, Defendant was removed to Mexico.

19  On September 13, 2006, Defendant was convicted of vehicle theft in violation of Cal
20  Vehicle Code Section 10851(a) and evading a peace officer in violation of California Vehicle
21  Code Section 2800.2(a).

22  On July 13, 2008, Defendant applied for admission into the United States through the
23  pedestrian lane at the San Ysidro, California port of entry presenting a Resident Alien Card to
24  the Border Patrol Agent. Defendant was sent to secondary inspection and subsequently
25  arrested.

26  On September 24, 2008, the grand jury returned an indictment charging the Defendant
27  with attempted entry after deportation in violation of Title 8, United States Code, Section
28  1326(a) and (b).

## CONTENTIONS OF PARTIES

Defendant contends that the Court must dismiss the indictment against him on the grounds that his due process rights were violated at his July 2002 deportation hearing. Defendant asserts 1) that he did not knowingly and intelligently waive his right to counsel; 2) that he was inadequately advised of his eligibility for relief from deportation because he was eligible for cancellation of removal under INA 240A(a); and 3) that he was prejudiced this misinformation.[1] In addition, Defendant contends that his 2006 removal order was not valid because his waiver of a hearing through written stipulation of removal was not voluntary, knowing or intelligent.[2]

The Government contends 1) that the Defendant knowingly and intelligently waived his right to counsel at the July 2002 deportation hearing; 2) that the Defendant's prior convictions rendered him ineligible for discretionary relief from deportation based upon the applicable law at the time of the 2002 deportation hearing; and 3) that Defendant has not shown a plausible basis for cancellation of removal.

## APPLICABLE STANDARD

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the

---

[1] Defendant initially asserted that he was not deportable at the time of his 2002 deportation but conceded at the hearing on January 12, 2009 that his conviction for possession of methamphetamine rendered him subject to removal at his July 2002 removal hearing.

[2] Because the Court concludes that the July 2002 deportation is valid, the Court will not address the validity of Defendant's 2006 stipulated deportation unless the 2006 deportation becomes relevant at trial.

underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); *see also United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

## DISCUSSION

**Right to counsel**

Defendant contend that his constitutional rights were violated because the Immigration Judge failed to assess whether his waiver of counsel was knowing and voluntary at his 2002 deportation hearing. Defendant further contends that the erroneous advice of the Immigration Judge that he was charged with an aggravated felony and not eligible for any relief made any attempt at hiring an attorney futile and his individual waiver of counsel invalid. The Government contends that the Immigration Judge asked the Defendant twice if he wished to represent himself and offered the defendant additional time to retain counsel. The Government contends that the Defendant twice stated that he wished to represent himself and that the record demonstrates that the Defendant knowingly and voluntarily elected to proceed without counsel.

"Because a deportation hearing is a civil proceeding involving non-citizens, aliens involved in such proceedings do not enjoy the full panoply of constitutional rights that American citizens would enjoy in a criminal proceeding." *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006). Though there is no Sixth Amendment right to counsel in immigration proceedings, Congress has chosen to ensure that all aliens receive a full and fair hearing by providing a statutory right to counsel. See 8 U.S.C. §§ 1229a(b)(4)(A) and 1362; *see also Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). In *Ray v. Gonzales*, the Court of Appeals explained that "this statutory provision stems from a constitutional guarantee of due process." 439 F.3d at 587.

For an applicant to appear *pro se*, in an immigration proceedings, there must be a knowing and voluntary waiver of the statutory right to counsel. *United States v. Pallares-Galan*, 359 F.3d 559, 563 (9th Cir. 2004). For a waiver of the right to counsel to be valid, an Immigration Judge must (1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response. *Hernandez-*

*Gil v. Gonzales*, 476 F.3d 803, 806 (9th Cir. 2007) (citations and quotations omitted). The Government generally bears the burden of proving waiver. *United States v. Lopez-Vasquez*, 1 F.3d 751, 754 (9th Cir. 1993) (citing *Brewer v. Williams*, 430 U.S. 387, 404 (1977)).

The record of the July 2002 removal hearing shows that the Defendant had previously been provided a continuance to retain counsel, and that the Immigration Judge offered the Defendant additional time to retain an attorney if he so desired. The Defendant stated clearly that he wished to represent himself. The Immigration Judge received an individual, affirmative and knowing response from the Defendant that he wished to proceed without counsel. Defendant's response indicated no confusion or indecision. The Court concludes that the government has carried its burden to show a valid waiver by the Defendant of his statutory right to counsel. There are no facts in this case which would suggest anything other than this Defendant fully understood and knowingly waived his right to counsel. The record establishes that the Defendant knowingly and voluntarily elected to proceed without counsel and that there was no due process violation. (Doc. # 18-2 at 1).

**Discretionary Relief from Deportation**

Defendant contends that the Immigration Judge erroneously informed him at the July 2002 deportation hearing that his prior convictions for vehicle theft[3] and possession of methamphetamine were aggravated felonies and that he was prejudiced by this misinformation because it was at least plausible that he had a claim for "discretionary relief under INA § 240A(a)." (Doc. # 21 at 4).[4] The Government contends the Defendant was accurately advised that his prior conviction for possession of methamphetamine was an aggravated felony under the case law at the time of his July 2002 deportation hearing. The Government agrees that the Defendant's prior conviction for possession of methamphetamine would not qualify as an aggravated felony under *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905 (9th Cir. 2004),

---

[3] The Government initially asserted that Defendant's prior conviction for vehicle theft constituted an aggravated felony under the modified *Taylor* analysis but has not has not provided documentation to support this position.

[4] Defendant agreed at the hearing on January 12, 2009 that he was not eligible for relief under Section 212(h) and does not continue to claim eligibility for relief under 212(c). (See Doc. 21).

1  but asserts that *Cazarez-Gutierrez* should not be applied retroactively to invalidate Defendant's
2  July 2002 deportation.

3  In *Cazarez-Gutierrez,* the Court of Appeals acknowledged that its sentencing
4  enhancement cases had held that a drug possession case was an aggravated felony but held that
5  "a state drug offense is an aggravated felony for immigration purposes only if it would be
6  punishable as a felony under federal drug laws or the crime contains a trafficking element."
7  382 F.3d at 912. The Government relies upon two cases in the immigration context[5] in support
8  of their position that the Defendant's collateral attack on his July 2002 deportation cannot be
9  based upon a 2004 change in case law. Defendant asserts that the cases relied upon by the
10 Government apply only to the validity of the reinstatement process in immigration court.
11 Defendant contends that he is not barred from challenging a defect in his earlier deportation
12 when the Government seeks to use the deportation as an essential element in a criminal
13 prosecution.

14 In *United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir. 2006), the defendant
15 challenged his conviction for illegal reentry following deportation based upon a subsequent
16 change in case law. Camacho-Lopez asserted that his 1998 deportation based upon the
17 determination that his prior conviction for vehicular manslaughter qualified as an aggravated
18 felony was defective. Camacho-Lopez relied upon the holding in *Leocal v. Ashcroft*, 543 U.S.
19 1 (2004) that a Florida Driving Under the Influence offense did not constitute a "crime of
20 violence" within the meaning of 18 U.S.C. § 16. The Court of Appeals noted that the
21 underlying removal order served as a predicate element of a Section 1326 charge and accepted
22 the concession of the Government that the "IJ erroneously advised Camacho that he was
23 ineligible for discretionary relief when the IJ implicitly characterized Camacho's conviction
24 as an aggravated felony." 450 F.3d at 930. The Court of Appeals concluded that Camacho
25 was excused from the exhaustion requirement and deprived of a meaningful opportunity for
26 judicial review. In this case, as in *Camacho-Lopez*, the Court concludes that there is no bar
27

28     [5]*Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169 (9th Cir. 2001) and *Arreola-Arreola*, 383 F.3d 956 (9th Cir. 2004)

1 to retroactively applying the decision in *Cazarez-Gutierrez* because the underlying removal
2 order serves as a predicate element of the Section 1326 charge. The Court concludes that
3 Defendant's due process rights were violated at the July 2002 hearing when he was informed
4 that he was not eligible for cancellation of removal.

**Prejudice**

Under INA § 240A(a), a deportable alien is eligible for discretionary relief in the form of cancellation of removal if he (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously for 7 years after having been admitted in any status; and (3) has not been convicted of any aggravated felony. 8 U.S.C. § 1229b(a). Even if the underlying removal was fundamentally unfair because the Defendant was eligible for cancellation of removal, Defendant must show that he suffered prejudice as a result of the defect. To prove prejudice, Defendant need not show that he actually would have been granted relief; rather he must show that he had a "plausible" basis for seeking relief from deportation. *United States v. Pallares-Galan*, 359 F.3d 1088, 1103-1104 (9th Cir. 2004). Once the Defendant makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the outcome of the proceedings. *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1054 (9th Cir. 2003).

In order to determine whether to grant discretionary relief from deportation including voluntary departure and adjustment of status the Board of Immigration Appeals is required to examine "all the facts and circumstances of a particular case." *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994). The Court of Appeals has held that "discretionary relief [from deportation] is a privilege created by Congress, denial of such relief cannot violate a substantive interest protected by the Due Process clause." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003). "The Bureau of Immigration Affairs or the Immigration Judge decides whether an applicant is entitled to a favorable exercise of agency discretion on a case by case basis by taking into account the social and humane considerations presented in the applicant's favor and balancing then against the adverse factors that evidence the applicant's undesirability

as a permanent resident." *Vargas-Hernandez v. Gonzalez,* 497 F.3d 919, 924 (9th Cir. 2007)(citations omitted). The Immigration Judge and the Bureau of Immigration Appeals are entitled to consider a defendant's criminal convictions in connection with an application for discretionary relief or adjustment of status. *see Id*. The Court of Appeals has stated that "[d]etermining whether section 212(c) relief should be awarded involves the same type of balancing of equities the Board must undertake in the discretionary determinations considered in the adjustment of status and voluntary departure contexts." *Paredes-Urrestarazu*, 36 F.3d at 810. The following relevant factors for deciding eligibility for relief under Section 212(c): length of residence in the United States, work history, family ties in the United States, evidence of hardship to the alien and his family if deportation occurs, service in the armed forces, property or business ties, evidence of service to the community, existence and nature of a criminal record, and proof of genuine rehabilitation from past criminal activity. *Matter of Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990).

Defendant asserts that his lawful residence in the United States since 1989, his family relationships in the United States, and his employment record show favorable equities that outweigh his criminal history. The Government contends that Defendant's length of residence and family ties do not compare with his multiple criminal convictions; his absence of work history, military service or education; and the negative quality of his family ties.

At the time of the July 2002 deportation hearing, the Defendant was 23 years old and has sustained three criminal convictions in the four years preceding the hearing. In 1998, Defendant suffered his first criminal conviction for possession of a dangerous weapon. In March 2001, Defendant was convicted of possession of methamphetamine and sentenced to 90 days in jail. In October 2001, while on probation, Defendant was convicted of vehicle theft and sentenced to 16 months in prison. While the Defendant had resided legally in the United States for a lengthy period and had substantial family ties in the United States, Defendant's criminal history presented a compelling factor adverse to the exercise of discretion in his favor. In July 2002, the Defendant had recent and serious criminal convictions involving methamphetamine, little employment history, no service in the armed forces, no business or

1  property ties, and no service to the community.  Defendant had been engaged in continuing
2  criminal conduct committing his next offense while on probation from his last offense and
3  showed no genuine rehabilitation.  The Court concludes that the Defendant's recent and
4  serious criminal convictions involving methamphetamine would have been a negative factor
5  too great the overcome his favorable equitable factors.

6  The Government has presented evidence "to demonstrate that the procedural violation
7  could not have changed the proceedings outcome." *Gonzalez-Valerio*, 342 F.3d at 1054.  The
8  Court concludes that facts and circumstances of this case do not support any plausible grounds
9  for discretionary relief and that the Defendant is not entitled to dismissal of his indictment on
10 the grounds that his July 2002 deportation is invalid.

11 IT IS HEREBY ORDERED that the motion to dismiss indictment due to invalid 2002
12 deportation filed by the Defendant Jose Jesus Ponce (Doc. # 8) is denied.
13 DATED:  May 4, 2009

14 _William Q. Hayes_
   **WILLIAM Q. HAYES**
15 United States District Judge